# IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

SUSAN MURRY,

      Plaintiff,

      v.

ALLEGHENY COUNTY HOUSING
AUTHORITY, EDWARD MOGUS
And SUSAN CATENA,

      Defendants.

CIVIL DIVISION

GD 09- 015292

Code: 009

**COMPLAINT IN CIVIL ACTION**

FILED ON BEHALF OF:
Plaintiff

COUNSEL OF RECORD FOR
THIS PARTY:

SUSAN E. MAHOOD, ESQUIRE
Pa. I. D. #50024

1600 Law & Finance Building
429 Fourth Avenue
Pittsburgh, PA 15219
(412) 281-1444

lidate Check    QPS80FER001
09-03-2009
09-09-01292    01:22:18

ALLEGHENY COUNTY PA
CIVIL/FAMILY DIVISION
DEPT. OF COURT RECORDS

09 SEP -3 PM 1: 27

FILED

**EXHIBIT**

tabbies*

A

**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY.**
**PENNSYLVANIA**

| | | |
|---|---|---|
| SUSAN MURRY, | ) | CIVIL DIVISION |
| | ) | |
| Plaintiff, | ) | GD 09- |
| | ) | |
| v. | ) | Code: 009 |
| | ) | |
| ALLEGHENY COUNTY HOUSING | ) | |
| AUTHORITY, EDWARD MOGUS | ) | |
| and SUSAN CATENA, | ) | |
| | ) | |
| Defendants. | ) | |

**NOTICE TO DEFEND**

YOU HAVE BEEN SUED IN COURT. If you wish to defend against the claims set forth in the following pages, you must take action within TWENTY (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you. YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

LAWYER REFERRAL SERVICE
The Allegheny County Bar Association
920 City County Building
Pittsburgh, PA 15219
(412) 261-0518

**NOTICE:** **YOU MUST RESPOND TO THIS COMPLAINT WITHIN TWENTY (20) DAYS OR A JUDGMENT FOR THE AMOUNT CLAIMED MAY BE ENTERED AGAINST YOU BEFORE THE HEARING**

# IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY. PENNSYLVANIA

SUSAN MURRY,            )    CIVIL DIVISION

        Plaintiff,          )    GD 09-

v.                  )    Code: 009

ALLEGHENY COUNTY HOUSING    )
AUTHORITY, EDWARD MOGUS    )
and SUSAN CATENA,         )

        Defendants.       )

## COMPLAINT IN CIVIL ACTION

## COUNT I – SUSAN MURRY V. ALLEGHENY COUNTY HOUSING AUTHORITY, EDWARD MOGUS and SUSAN CATENA

1,     Susan Murry, Plaintiff herein, is an adult black female and resident of Allegheny County, Pennsylvania.

2.     Allegheny County Housing Authority (hereinafter "ACHA") Defendant herein, is a governmental entity and agency of the Commonwealth of Pennsylvania with a principal place of business in Allegheny County, Pennsylvania.

3.     Edward Mogus, Defendant herein, is an adult individual and resident of Allegheny County, Pennsylvania, who, at all times material hereto, was employed as a police officer by Defendant ACHA and was acting under color, custom, and/or usage of law in the course, scope and authority of said employment.

4.     Susan Catena, Defendant herein, is an adult individual and resident of Allegheny County, Pennsylvania, who, at all times material hereto was employed as a quality control coordinator and/or housing counselor by Defendant ACHA and was

acting under color, custom and/or usage of law in the course, scope, and authority of said employment.

5.    At all times relevant Plaintiff was the recipient of Federal housing assistance administered by ACHA.

6.    On November 25, 2004, Plaintiff notified ACHA in writing that she had returned to work after being absent from work due to injury.

7.    Plaintiff had also, prior to that date, attempted to contact representatives of ACHA by telephone to inform them of her return to work.

8.    On or about March 10, 2006, Defendants caused criminal proceedings to be instituted against Plaintiff for alleged commission of a felony, namely theft by deception, by falsely alleging that Plaintiff had failed to report income to Defendant ACHA.

9.    Said proceedings were instituted without probable cause in that Plaintiff

agency of the County of Allegheny and/or Commonwealth of Pennsylvania as required by law.

10.    The lack of probable cause was known to Defendants due to Plaintiff's written communication in their records and/or should have been known to them but for their failure to consult their records and/or communicate with Plaintiff prior to institution of the charges.

11.    Moreover, Defendants caused the prosecution to continue even after receiving documentation of Plaintiff's prior notification to them of her return to employment.

4

12.     Defendants' conduct in initiating and continuing prosecution of Plaintiff on a spurious and unfounded charge and their failure to acknowledge and/or act on the exculpatory evidence in their possession and knowledge exhibited a reckless indifference and/or callous disregard for Plaintiff's rights.

13.     On October 11, 2007 Plaintiff was found not guilty of the charge by non-jury trial in the Court of Common Pleas of Allegheny County.

14.     At or about the same time that Defendants commenced their prosecution of Plaintiff, numerous other black women were likewise prosecuted by Defendants, while no white recipients of Federal housing assistance were prosecuted.

15.     As a result of the malicious prosecution instituted by Defendants, Plaintiff suffered deprivation of her Federal housing assistance payments to which she was lawfully entitled, was arrested by police officers as her minor child was arriving home on the school bus, and incarcerated in the Allegheny County Jail.

16.     As a further result of said prosecution, Plaintiff suffered humiliation, damage to her reputation, mental anguish and false imprisonment.

17.     Prior to the prosecution instituted by Defendants, Plaintiff had no criminal record, but now, despite her innocence and resultant acquittal, has the false and malicious felony change on her record, which will not be cleared for another year.

18.     These actions of Defendants deprived Plaintiff of her rights under the Constitution of the United States and in violation of 42 U.S.C. §1981 and §601 of Title VII of the Civil Rights Act.

WHEREFORE, Plaintiff claims damages in excess of $25,000 and demands a trial by jury.

## COUNT II – SUSAN MURRY V. ALLEGHENY COUNTY
## HOUSING AUTHORITY, EDWARD MOGUS and SUSAN CATENA

19.    Plaintiff incorporates by reference herein all of the preceding paragraphs of her Complaint.

20.    The actions of Defendants as described above constitutes the common law torts of malicious prosecution and false imprisonment.

21.    As a result of Defendants' conduct, Plaintiff has suffered the damages described above.

WHEREFORE, Plaintiff's claims damages in excess of $25,000 and demands a trial by jury.

### COUNT III – SUSAN MURRY v. EDWARD MOGUS and SUSAN CATENA

22.    Plaintiff incorporates by reference herein all of the preceding paragraphs of her Complaint.

23.    This Count is brought against Defendants Edward Mogus and Susan Catena in their individual capacities.

24.    The actions of Susan Catena and Edward Mogus as described herein were in violation of Plaintiff's rights under the Constitution of the United States and 42 U.S.C. §§1981 and 1983.

WHEREFORE, Plaintiff claims damages in excess of $25,000 and demands a trial by jury.

Respectfully submitted,

Susan E. Mahood, Esquire
Counsel for Plaintiff

6

## VERIFICATION

The undersigned hereby certifies that the statements made herein are true and correct to the best of his/her knowledge, information and belief and understands that any false statements herein are made subject to the penalties of 18 Pa. C.S. §4940 relating to unsworn falsifications to authorities.

Susan Murry